**PFOHL BROTHERS LANDFILL SITE STEERING COMMITTEE,**
Plaintiff,

v.

**PFOHL ENTERPRISES, Pfohl Brothers, Paul Pfohl, Bernice Pfohl, Dolores Pfohl, Town of Cheektowaga, Pratt & Lamberts, Inc., Jacqueline Pfohl–Doherty, Janine Pfohl, Mary Pfohl–Andrade, William T. Pfohl, Q–X Ranch Partnership, Jane and John Does, Defendants.**

No. 95–CV–956A(F).

United States District Court, W.D. New York.

Jan. 7, 1999.

---

Beveridge & Diamond, P.C., Washington, D.C., James B. Slaughter, of counsel, for plaintiff.

Hunton & Williams, Washington, D.C., Jeffrey N. Martin, of counsel, for Defendant Browning-Ferris Industries.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned for all pre-trial matters, including entry of scheduling orders, by order of Hon. Richard J. Arcara dated February 9, 1996. It is presently before the court on Plaintiff's motion, filed October 20, 1998, for an order permitting discovery and Defendant Browning–Ferris Industries of New York's ("BFI") motion, filed October 21, 1998, to modify the First Case Management Order entered February 20, 1996.

### BACKGROUND

In this CERCLA cost recovery and contribution action, Plaintiff filed on September 11, 1998, with leave of court, an amended complaint realigning BFI, a former member of the Plaintiff committee, as a party defendant and asserting claims under CERCLA §§ 107 and 113. The First Case Management Order limited discovery, under the Complaint, to Defendants' § 107 liability and excluded discovery relating to allocation of liability. Plaintiff now seeks to amend such order to specifically permit discovery against BFI on the issue of BFI's liability as successor to five companies which may have transported wastes to the Pfohl site. BFI requests that any scheduling order require Plaintiff to coordinate depositions with those expected to be taken in the related personal injury actions involving seven plaintiffs pending in New York Supreme Court. BFI

also requests that the court set a deadline for joinder of additional parties prior to the commencement of any depositions, and that expert disclosures required under Fed. R.Civ.P. 26(a)(2)(B) should proceed sequentially rather than simultaneously as Plaintiff requests. Plaintiff opposes these requests. A hearing on the motions was conducted November 18, 1998. Supplemental papers were submitted thereafter.

## DISCUSSION

■ Because the factual questions to be developed in such depositions relate to events in the 1950's through the 1960's, there is no dispute that many of the witnesses Plaintiff seeks to depose are elderly and in ill health. Plaintiff therefore maintains it should be permitted to proceed with discovery on its claims at this time without incurring greater risk that the necessary BFI witnesses will become unavailable. Plaintiff also contends that it is entitled to proceed with discovery in this action as the issues are not the same as those presented in the state tort actions. Plaintiff further argues that establishing a cut-off for joinder of new parties, as requested by BFI, may interfere with pending settlement discussions with PRP's which are members of the Plaintiff committee as the agreement these parties have reached in principle regarding sharing of cleanup costs must await entry of a consent order with the New York Department of Environmental Conservation. Plaintiff believes that setting a cut-off for adding parties in advance of such entry could be disruptive of these settlement arrangements. Plaintiff also submits that any potential for depositions in addition to those needed in this action against BFI can be reduced if not eliminated through cross-noticing of such depositions in the state court action.

BFI's bases its request that Plaintiff's deposition of witnesses be coordinated with the schedule of depositions to be taken in the state tort action on the need to avoid repetitive depositions of its present employees and those of the alleged predecessor companies, BFI rejects Plaintiff's suggestion that the risk of seriatim depositions can be obviated by directing BFI to cross-notice such depositions in the state tort actions on the grounds that this court is without authority to order such cross-notice and that BFI may not voluntarily do so consistent with its ethical obligations. Further, BFI contends that in addition to creating the risk of additional unnecessary depositions, the absence of an early cut-off date for adding parties creates a disincentive to early settlement for BFI.

BFI's concern for witness convenience in this case while commendable is, upon close scrutiny, without merit. Witness convenience cannot override the real possibility that the testimony of such witnesses may lost. While it may be correct that this court lacks authority to direct BFI cross-notice in the state tort action the depositions of the witnesses Plaintiff anticipates deposing, the court can direct Plaintiff to advise the parties in the state tort action of such depositions so those parties may, if they choose to do so, cross-notice such depositions in the state action thus allowing for the use of such depositions in the actions pending in both courts. See Fed.R.Civ.P. 32(a); Fed.R.Evid. 804(b)(1). Should BFI reconsider its position, the parties could also stipulate to achieve the same result. The court notes that in the state action liability is sought against only three of the five haulers as to which Plaintiff seeks to impose successor liability against BFI in this action.

■ The court is further persuaded that any additional parties which may be added at a later time are unlikely to have any interest in BFI's liability as developed by Plaintiff through discovery directed to BFI and its witnesses. In any event, the court can provide meaningful protection against unnecessary depositions of BFI witnesses by later added parties by ordering that any depositions taken by Plaintiff may be used as if such added parties were noticed, subject to the right to obtain further testimony on matters not covered relating to the respective liability of such parties. Thus, BFI witnesses need not necessarily be subjected to multiple depositions. Given the large number of witnesses to be deposed which can be anticipated in the state tort action, an extended time period for the conduct of those depositions, thus further delaying Plaintiff's

right to discovery in this action, is a real possibility. In any event, the court finds that Plaintiff's interests in proceeding with discovery on the issues raised by the Amended Complaint, including the depositions of the BFI witnesses, outweighs whatever inconvenience conceivably may result.

Nor is there merit in BFI's argument that unless its request is granted BFI will be deprived of the full range of information which may be developed through discovery in the state tort action. The issue in this case is BFI's liability for cleanup costs incurred at the Pfohl dump site. BFI fails to explain why it will be prejudiced by the taking of depositions of its witnesses, in this action, prior to those to be taken in the state tort actions. If the state tort action did not exist, BFI would be in no different position. Taking the depositions as Plaintiff intends will not affect BFI's capacity to obtain the information it needs to defend the state actions.

■ BFI also asserts that if it may obtain the benefit of a greater number of responsible parties with whom to share contribution liability it will be motivated to delay potential settlement until the final number and identity of all such parties is known. However, while the possibility of obtaining settlement is an important consideration in the framing of scheduling orders where, as here, attempting to achieve settlement also increases the risk that Plaintiff will lose the opportunity to gain a comprehensive settlement with the other numerous responsible Defendants in this case following entry of the anticipated consent order, the possibility of an earlier settlement with BFI is insufficient reason, in itself, to delay obtaining relevant evidence. Given BFI's intention, as presently stated, to vigorously litigate this matter, the possibility of an early settlement with BFI appears remote. If, through delay, key evidence establishing BFI's successor liability is lost, Plaintiff will, of course, be prejudiced and BFI's incentive to settle correspondingly diminished. Hence, BFI's theory of promoting early settlement by setting a cut-off for joinder of additional parties is not a valid reason to do so at this time.

■ Finally, the court fails to see why Plaintiff's proposed schedule calling for si-multaneous disclosure of expert information, pursuant to Rule 26, should not be accepted. The court acknowledges, as BFI points out, the Revisers Note to amended Rule 26, suggests that the party having the burden of proof should typically provide expert disclosure first. But that it is not required as the default clause of the rule itself directs simultaneous disclosure. Here, BFI does not explain why it will be prejudiced if simultaneous disclosure is directed and the court can think of none. On the other hand, expeditious completion of discovery on BFI's liability on the claims asserted in the Amended Complaint will facilitate an early and comprehensive resolution of this action. Accordingly, the court finds no reason to reject Plaintiff's proposed schedule for disclosure of expert information.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Docket Item No. 70) is GRANTED; Defendant BFI's motion (Docket Item No. 73) is DENIED.

SO ORDERED.